IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYWUAN MATHENY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:21-cv-00506 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOHN DOE #1, *et al.*, | ) | By: Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

    Plaintiff Tywuan Matheny, a federal inmate proceeding *pro se*, filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in which he asserts claims of excessive force arising from an incident that occurred on October 4, 2019. The case is presently before the court on four motions filed by Matheny.

    The first two motions request that the court direct the defendants to preserve certain video footage from October 4 and 5, 2019. The duty to preserve evidence material to litigation exists even without a court order. Nonetheless, to the extent that the video footage identified by Matheny exists and is material to his claims, the motions to preserve (Dkt. Nos. 16 and 25) will be granted.

    The third motion seeks to amend the complaint to include a declaration under penalty of perjury that the statements contained in the complaint are true and correct. Pursuant to Federal Rule of Civil Procedure 15, the court is directed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). For good cause shown, the motion to amend (Dkt. No. 24) will be granted, and the complaint will be amended to include the declaration set forth in the motion.

In the final motion, Matheny requests that the court strike the reply brief filed in support of the defendants' dispositive motion on the basis that the brief was filed without authorization. Alternatively, Matheny requests leave to file a sur-reply that responds to an affidavit filed with the reply brief. Pursuant to Civil Rule 11(c)(1) of the Local Rules for the Western District of Virginia, the defendants were entitled to file a reply brief within seven days after being served with Matheny's response in opposition. Accordingly, to the extent Matheny moves to strike the reply brief, the motion (Dkt. No. 37) will be denied. However, Matheny's alternative request for leave to file a sur-reply will be granted, and he will be given fourteen days to file a sur-reply.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** as follows:

1. Matheny's motions to preserve evidence (Dkt. Nos. 16 and 25) are **GRANTED** to the extent that the video footage identified by Matheny exists and is material to this litigation;

2. Matheny's motion to amend (Dkt. No. 24) is **GRANTED**, and the complaint is amended to include the declaration set forth in the motion; and

3. Matheny's motion to strike the defendants' reply brief (Dkt. No. 37) is **DENIED**, and his alternative request for leave to file a sur-reply is **GRANTED**. Matheny shall have fourteen days from the date of entry of this order to file a sur-reply.

The Clerk is directed to send a copy of this order to Matheny and to all counsel of record.

It is so **ORDERED**.

ENTER: May 13, 2022

/s/ Joel C. Hoppe
United States Magistrate Judge