UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF VIRGINIA

ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 24, 2022

LAURA A. AUSTIN, CLERK
BY:
    s/A. Beeson
    DEPUTY CLERK

Tywuan Matheny,             )
        Plaintiff,          )
                            )
    V.                      )   Civil Action No. 7:21cv00506
                            )
                            )
                            )
Warden Leu, Et Al.,         )
        Defendants.         )

## MEMORANDUM IN SUPPORT, OF BIVENS COMPLAINT

Here comes the plaintiff, Tywuan Matheny, with his memorandum in support of his Bivens action complaint.

The plaintiff prays this honorable court construe these pleadings under the less stringent standard announced in **Haines v. Kerner,** 404 U.S. 519.

(1)

## SHORT CONTENTS

| Page | Titles |
|------|--------|
| 2 | Contents |
| 3 | Jurisdiction |
| 4 | Statement of Case |
| 5 | Administrative Remedies |
| 6 | Claims |
| 10 | Evidence of Force |
| 11 | Damages |
| Exhibit-A | Electronic Request |
| Exhibit-B | Mental Health Consults |
| Exhibit-C | Declarations of Dewayne Means; and Christopher Smith |
| Exhibit-D | Declaration of Petitioner |

## Jurisdiction

This action is initiated in accordance to: Bivens v. Six Unknown Named Agents of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d. 619 (1971). Jurisdiction is properly had pursuant to 28 USC 1331. Here, the plaintiff's complaints are created around 8th Amendment Violations (cruel and usual punishment). The defendants are all federal agents who acted under the color authority and engaged in unconstitutional conduct. This suit is brought against defendants in their official and personal capacities.

## Statement of Case

On October, 4, 2019, to October 5, 2019, the Plaintiff was repeatedly kicked, punched, prodded, taunted, sexually harassed and degraded without penalogical justification and in violation of the 8th Amendment. Officials abused their authority believing that the Plaintiff and his cellmate purposely destroyed/setoff, a life saving device (sprinkler). The episodes of torture and gratuitous infliction of wanton and unnecessary pain was done maliciously while the plaintiff was fully restrained with chains and cooperative. Despite the plaintiffs compliance to official's demands, the defendants continued to physically harm him for their belief that he did set off the sprinkler and as corporal punishment for doing the same.

(4)

## Administrative Remedies

In this case the Plaintiff did not exhaust his Administrative Remedies due to them being unavailable.

In Ross v. Blake, 195 L.Ed. 2d 117 (2016), the Supreme Court made it clear that the Exhaustion requirement of the PLRA was mandatory, with one exception: unavailabilty. Id at 1852.

The Plaintiff in this case repeatedly requested forms so that he might exhaust his administrative remedies, as to the claims within this complaint. "A prisoner need not exhaust rememdies if they are not 'available'." Ross at 1855. Also see Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003) (inmate lacked available remedies for exhaustion purposes where inmate was unable to file a grievance becasue prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies). Quoting Routh v. Young 2019 U.S. Dist., Lexis 114516 (4th cir. 2019).

In closing, see Exhibit A (numerous unanswered requests for forms).

(5)

<u>CLAIMS</u>

The following claims were perpetrated by Federal agents who acting under the color of authority and engaged in unconstitutional conduct. The listed defendants specifically participated in the below described violations of the 8th amendment of the Constitution, (cruel and unusual punishment), by utilizing excessive force when force was necessary due to the plaintiff being restrained and cooperative. With malicious and sadistic intentions to cause harm, and unrelated to any penalogical need, the plaintiff's 8th and 4th amendment was violated when:

1.) On Oct. 4, 2019, excessive use of force was used on the plaintiff when Force Team members entered cell #313 and slammed the plaintiff to the ground, causing pain to lower back and hip; despite plaintiff already being restrained and cooperative. The use of force team consist of: ofc. Cook; ofc. C. Choate; ofc. A. Hall; ofc. J.Price; ofc. J. Robertson; ofc. A. Roberts; ofc. Robbins; ofc. Carroll; ofc. P. Miller; and ofc. R. Edwards (all direct cause of injury of pain to lower back and hip. Use of Force Lieutenant N. Earley for standby liability for failure to intervene in the clear violation of plaintiff's 8th amendment right.

2.) On Oct. 4, 2019, the plaintiff was struck with closed fists 3 times in the back of the head by a force team member. This unidentified defendant is the direct cause of swelling to back of head, pain to head, headaches and dizziness. The rest of force team members and Lt. N. Earley had standby liability for failure to intervene.

3.) On Oct. 4, 2019, plaintiff was stomped several times to the buttocks and lower back by a force team member. This unidentified defendant is the direct cause of pain to plaintiffs back and buttocks. The rest of the force team members and Lt. N. Earley has standby liability for failure to intervene.

4.) On Oct. 4, 2019, despite protest, restraints were applied excessively and maliciously tight, cutting into plaintiff's skins by Lt. N. Earley. Lt. N. Earley is the direct cause of pain, scarring and bruising to plaintiff's wrist, ankles and lower back.

5.) On Oct. 4, 2019, Plaintiff was deprived of 'bodily privacy' when Lt. N. Earley changed

him into alternate clothing, not pulling  fabric over genitals and being transported to SHU with genitals in full view by ofc. Sellars and a unidentified John Doe correctional officer. Lt. N. Earley is direct cause of plaintiff's mental anguish intentionally humiliating and degrading the plaintiff. Ofc. Sellars has standby liability for failure to intervene by telling staff members plaintiff's genitals are in full view why being transported through institution's corridors.

6.) On Oct. 4, 2019, Plaintiff was rammed into wall with shield by a John Doe officer (#1), while hit repeatedly with open palm to face by another John Doe officer (#2) and punched in the face by def. ofc. J. Price who remarked, 'I told you I'll see you later.' John Doe #1 and #2 and def. ofc. J. Price is the direct cause of plaintiff's pain, headache and dizziness. Lt. B. Parsons has standby liability for failure to intervene.

7.) On Oct. 4, 2019, Plaintiff's genitals were exposed to female staff while being videoed for debriefing, by Def. J. Price and John Does #1 and #2; being the direct cause of plaintiff's mental anguish. Lt. B. Parsons has standby liability for failure to intervene.

8.) On Oct. 4, 2019, Plaintiff wasn't relieved of excessively tightened restraints by medical staff member Karen Pease, R.N. during restraint check. Medical staff K. Pease has standby liability for failure to untighten restraints.

9.) On Oct. 4, 2019, plaintiff was rammed into wall with shield, toes chopped with shield and kness repeatedly kicked by Correctional officers S. White, Smallwood and John Doe ofc. #3. These three C.O.s directly cause plaintiff pain while John Doe Lt. #1 stood by without intervening.

10.) On Oct. 4, 2019, during restraint check, plaintiff wasn't relieved of the excessively tight restraints by medical staff member L. Caudill. Medicall staff member has standby liability for failure to untighten restraints which caused plaintiff pain, searring and bruising.

11.) On Oct. 4, 2019, plaintiff was rammed into wall with shield and grinded on in a sexual motion by Def. ofc. S. White while stating: 'He's a pussy and likes it.' C.O. Smallwood also kicking plaintiff's kness stating, "you good, you good." C.O. S. White directly caused plaintiff pain and mental anguish. John Doe Lt #1 and John Doe ofc. #4 has

(7)

standby liability for to intervene.

12.) On Oct. 4, 2019, during 2 hour restraint check, plaintiff wasn't relieved of the excessively tight restraints by John Doe Lt. #1. John Doe Lt. #1 has standby liability for failure to untighten restraints which caused plaintiff pain, scarring and bruising.

13.) On Oct. 4, 2019, plaintiff's head and body was rammed into wall with shield while C.O. places pressure on ankles by stepping on them; while simultaneously C.O. Smallwdood kicks knees with boots. These three C.O.s (C.Lawson; S.White; Smallwood) directly caused plaintiff pain while John Doe Lt. #1 has standby liability without intervening.

14.) On Oct. 4, 2019, during 2 hour restraint check, plaintiff wasn't relieved of the excessively tight restraints by John Doe Lt. #1. John Doe Lt. #1 has standby liability for failure to untighten restraints which caused plaintiff pain, scarring and bruising.

15.) On Oct. 4, 2019, plaintiff's head and body was rammed into wall with shield, and is grinded on in sexual manner. Another officer laughts and rubs peeling and bleeding skin off plaintiffs knees. These three C.O.s (C. Lawson; S. White; Smallwood) directly caused plaintiff pain while Lt. Lively has standby liability for failure to intervene.

16.) On Oct. 4, 2019, during restraint check Plaintiff wasn't relieved of the excessively tight restraints by Medical staff member L. Caudill. Medical staff member has standby liability for failure to untighten restraints which caused pain, scarring and bruising.

17.) On Oct. 4, 2019, Plaintiff's head and body was rammed into wall with shield. C.O. Lawson is the direct cause of pain while Lt. Lively and C.O. S. White has standby liability for failure to intervene.

18.) On Oct. 4, 2019, during restraint check, plaintiff wasn't relieved of the excessively tight restraints by Medical staff member L. Caudill. Medical staff member L. Caudill has standby liability for failure to untighten restraints which caused pain, scarring and bruising.

(8)

19.) On Oct. 5, 2019, plaintiff's head and body was rammed into wall and ankles are twisted by C.O. Ledford to cause pain. C.O. Ledford is direct cause of plaintiff's pain and John Doe Lt. #2 stood by without intervening.

20.) On Oct. 5, 2019, Plaintiff's head and body rammed with sheild and calves chopped with sheild by C.O. Ledford. Ledford is direct cause of plaintiff's pain and John Doe Lt. #2 has standby liability for failure to intervene.

(9)

EVIDENCE OF FORCE

Claim #'s                                    Evidence that Supports

1;                                           Two handheld video cameras
                                             Unit-K Surveillance video
                                             Declaration of Inmates and Plaintiff (attached)
                                             Medical Record

2; 3;                                        Two handheld video cameras
                                             Plaintiff's Declaration (attached)
                                             Medical Record

4; 8; 10; 12; 14; 16; 18;                    Plaintiff's Declaration (attached)
                                             Scarring

5;                                           Two handheld video cameras
                                             Corridor Surveillance videos
                                             Plaintiff's Declaration (attached)
                                             Possible S.H.U. surveillance videos

6; 9; 11; 13; 15; 17; 19; 20;                Plaintiff's Declaration (attached)
                                             Medical Record
                                             Possible S.H.U. surveillance videos

7;                                           Two handheld video cameras
                                             Plaintiff's Declaration (attached)
                                             Possible S.H.U. surveillance videos

(10)

## DAMAGES

The total demand for this case is: $1,590,000.00 broken down as follows:


1.) $20,000.00 for each of these claims: 2; 3; 4; 6; 8-20; to be paid jointly or individually.

2.) $100,000.00 for claim 1; to be paid jointly and individually.

3.) $100,000.00 for claim 5; to be paid jointly or individually.

4.) $50,000.00 for claim 7; to be paid jointly or individually.

5.) Punitive damages - one million dollars wholly or severally.